19298

In The Matter of B. Gerard HARTZOG, Respondent

(184 S. E. (2d) 116)

*Messrs. Daniel R. McLeod, Atty. Gen. and Asst. Attys. Gen. Irvin D. Parker and C. Tolbert Goolsby,* of Columbia, *for complainant.*

October 18, 1971.

*Per Curiam:*

After a hearing pursuant to our Rules of Disciplinary Procedure, the Board of Commissioners on Grievances and Discipline filed with this court its final certified report finding

the respondent, an attorney, guilty of professional misconduct and recommending that he be disbarred. Thereafter the respondent was ruled to show cause why the report of the Board should not be confirmed. The matter was heard in this court on September 21, 1971. We confirm the findings and recommendations of the Board.

The proceeding grew out of two separate complaints, which were consolidated for trial before a hearing panel. The first complaint charged the respondent with misconduct in procuring employment by James C. Watt in the settlement of a personal injury claim, and in issuing 39 worthless checks. The second complaint charged the respondent with giving 2 worthless checks to a motel in Florida.

The respondent failed to appear at the trial before the hearing panel. The panel proceeded to take testimony and filed its report with the full Board. When the matter was presented to the full Board the respondent again failed to appear. Thereafter, the Board made its recommendation to this court, resulting in the hearing held on September 21. Respondent again failed to appear. A motion for a stay of proceedings was mailed to the clerk of this court on or about September 15, 1971. That motion was considered by this court and found to be without merit, and was overruled.

The hearing panel found that the respondent was guilty of unethical acts constituting misconduct as defined by the Rules of Disciplinary Procedure in, (1) improperly soliciting and obtaining employment as an attorney, (2) charging a grossly excessive fee, (3) imposing his own will on his client to settle a claim, (4) converting his client's funds to his own use, and (5) frequently issuing worthless checks in his own community and in the state of Florida, where he held himself out to the public as an attorney.

The Board unanimously adopted the report of the hearing panel and recommended disbarment.

The findings and recommendations of the Board are abundantly supported by the record. Accordingly, it is

ordered that the respondent, B. Gerard Hartzog, be, and he is hereby, disbarred from the practice of law in this state, and he shall within five (5) days surrender to the Clerk of the Supreme Court the certificate heretofore issued by the court admitting him to practice.

Let this order be published with the opinions of this court.

Moss, C. J., and Lewis, Bussey, Brailsford, and Littlejohn, JJ.